McBRIDE, Judge.
This appeal presents a claim for damages asserted by Douglas P. Esteve, appellant, who was a guest passenger in the automobile driven by Luke Bonura which collided with a taxicab on the afternoon of February 4, 1956, in the intersection of North Prieur Street and Bayou Road in New Orleans. Said appellant seeks recovery of $1,134.50 for personal injuries and loss of wages allegedly resulting from the accident. Impleaded as defendants, in solido, are the cab company, its component partners, and the driver of the taxicab. Bonura joined in the suit as a plaintiff seeking to recover the amount of property damages to his car, but his claim is not before us.
The defendants denied negligence on the part of the taxicab driver and make the affirmative allegation that the accident was caused through the fault of Bonura in several enumerated respects which need not be detailed in this opinion. After a trial in the lower court, the claims of both plaintiffs were dismissed and only Esteve has appealed therefrom.
The evidence shows that Bonura was driving in an uptown direction on North Prieur Street, and Esteve, who was riding on the front seat, testified that Bonura “stopped at the stop sign” and “as Bonura started out he was hit” by the taxicab which was traveling in the general direction of the Mississippi River on Bayou Road. Bonura stated: “I didn’t see nothing,” and when asked how far his car had proceeded into the intersection when the impact occurred, he replied: “That’s something I can’t answer.”
Bonura’s negligence is evident. The day on which the accident happened was rainy, the sky was overcast and the street was wet. From a stopped position he heedlessly drove out into the intersection without being able to observe traffic conditions on Bayou Road, his inability to see resulting from the fact that the window on the side of the car from which the taxicab approached was raised and “fogged.”
However, under the well-settled jurisprudence of this state, whatever negligence Bonura may have been guilty of cannot be imputed to his guest passenger in the circumstances of this case, and Esteve’s appeal presents the sole question whether the operator of the taxicab was guilty of the negligence charged against him, i.e., speeding and failure to have his vehicle under such control as would have permitted it to be stopped before running into the Bonura car. If there be the slightest degree of fault on the part of the cab driver, then defendants are liable unto appellant for the amount of his damages.
The cab driver, Hagan, testified that he was traveling “about 20 miles per hour” as he approached the intersection, and that when he was about 50 feet away from it, he first observed the front of the Bonura automobile behind a parked car and that *108 the ■ Bonura automobile . was in a stopped position, and he, believing that Bonura would remain stopped and accord him the right of way, continued onward at the same rate of speed. Hagan declares that :he'was only IS or 20 feet away when the Bonura car emerged into the intersection at a speed of about 10 or IS miles per hour. He says he applied his brakes and did not skid, hut his attempt at stopping was ineffectual and the cab while still moving at about IS miles per hour struck the other car. There is no eyewitness to contradict Hagan’s assertions.
Appellant relies exclusively on the testimony of Walter J. Vollenweider, who, in his capacity as brake inspector for the New Orleans Police Department, investigated the accident shortly after it happened. Counsel contends that this officer’s testimony conclusively demonstrates that the taxicab was exceeding the lawful speed limit of 20 miles per hour, and consequently its operator was guilty of concurring negligence.
We have carefully analyzed Vollen-weider’s testimony, which is to the effect thqt certain skid marks were impressed on .the wet pavement by the tires of the taxicab and that these skid marks measured 34 feet in length which fact forced him to believe that the cab was moving at about 23 miles per hour. The witness stated further that the cab would have skidded a longer distance which would have indicated a greater speed had it not hit the other, vehicle. Vollenweider did not state how much greater the indicated speed would have been had there been longer skid marks.
We do not think that from the brake inspector’s testimony alone we can possibly reach a conclusion that the taxicab was exceeding the speed limit. It is true in Druilhet v. Labiche, La.App., 88 So.2d 60, we accepted Vollenweider’s estimate of the speed of a truck based on the length of the skid marks as a predicate for the judgment we rendered, but the estimation was that the speed of the vehicle was 25 or 30 miles per hour. In the instant case, however, Vollen-weider calculated the speed of the taxicab to be 23 miles per hour, which is only slightly above the 20 miles per hour permitted by city ordinance, and the estimate is entirely too close to the lawful speed limit to be useful in deciding the case. It must be remembered that rain was falling and the pavement was very wet when the cars collided, and these conditions could conceivably affect the correctness of the officer’s conclusion. A very slight miscalculation by Mr. Vollenweider could have produced an erroneous estimation.
. [3,4] Assuming, however, but without deciding the question, that Hagan was driving at a rate of speed slightly in excess of that permitted by local ordinance, we do not think that the speed of the cab had causal connection with the occurrence. It is well settled that even when there is a technical violation of regulations governing the speed of vehicles, liability does not result unless it appears the violation was responsible to some extent for the accident. Ver-naci v. Columbia Cas. Co., La.App., 71 So. ' 2d 417.
The evidence in this case is convincing that Bonura’s car suddenly emerged from North Prieur Street into the intersection when the taxicab was but a short distance away and that the accident insofar as the driver of the cab was concerned was unavoidable. He did what he could to avert an accident by attempting to bring his car to a stop. When Hagan saw Bonura’s car stopped at the sign, he had every right to believe that its driver saw the cab and would remain in the stopped position until it passed. The taxicab driver was guilty of no negligence in this situation.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.